Note.—See under (1) Workmen's Compensation Acts—C. J. p. 122, §127. (2) Workmen's Compensation Acts—C. J. p. 96, §88; p. 117, §115 (Anno). (3) Workmen's Compensation Acts—C. J. p. 94, §82. See under (1, 2) anno. L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. pp. 827-829; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1580.

---

## JONES et al. v. DONLEY et al.

No. 17246—Opinion Filed March 15, 1927.

(Syllabus.)

1. **Mortgages—Foreclosure—Writ of Assistance Without Notice to Mortgagors.**

The district Court may, after the order confirming a sale of land under an order of sale, order the issuance of a writ of assistance to place the purchaser in ful¹ possession, without notice to the mortgagors who are then in possession thereof.

## 2. Landlord and Tenant—Tenancy at Will —Assent of Owner.

Assent of the owner is necessary to constitute one in possession of real property a tenant at will.

## 3. Same—Lack of Tenancy Relation—Notice to Quit Unnecessary.

Where the relation of landlord and tenant does not exist, no notice to quit is necessary.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Sallie Jones and Will Jones against Alida Whiting Donley and others for injunctive relief. Judgment for defendants, and plaintiffs appeal. Affirmed.

R. L. Disney, for plaintiffs in error.

Potterf, Gray & Poindexter, for defendants in error.

MASON, V. C. J. Sallie Jones and Will Jones, her husband, resided on certain farm lands in Carter county which had been allotted to Sallie Jones, and upon which a mortgage, held by Alida Whiting Donley, had been duly foreclosed and said lands purchased by M. P. Davis. Jones had a growing crop on the lands at the time of the sale, and thereafter, on September 11, 1925, Davis and Jones entered into a rental contract thereon. expiring on January 1. 1926, so that Jones could finish his crop, and whereby he agreed to pay Davis certain rentals. It was further provided that said lease contract should not affect the rights of Davis under the foreclosure suit, except that no writ of possession or assistance would be issued until January 1, 1926, if said rentals were faithfully paid. During the month of November, 1925, Davis sold said land to P. T. Zigler. The rentals provided for in said contract were never paid by Jones.

On January 18, 1926, the plaintiff in the foreclosure proceeding, for and on behalf of M. P. Davis and P. T. Zigler, filed an application for a writ of assistance to have the purchaser at said sale placed in possession of said premises. Said writ was issued by the court on that date and served on Sallie Jones and Will Jones on February 3 1926. but, before they were ejected from the premises, they commenced this action against the defendants in error herein. as defendants. to enjoin them from interfering with their possession of said property, and a temporary restraining order was issued by the district court at said time. The defendants filed an answer in said injunction proceeding, after which the issues were tried

to the court and a judgment rendered vacating the temporary restraining order and denying the plaintiffs the injunctive relief prayed for, from which the plaintiffs have duly perfected their appeal to this court.

P. T. Zigler died since the rendition of the judgment in the trial court, and his interest in the case has been revived in the name of Sylvia Zigler and Tena Thrash.

For reversal, it is first urged that the defendants in error were not entitled to a writ of assistance until after the plaintiffs in error had been served with a copy of the order confirming sale, or of the sheriff's deed. This contention is based upon a portion of the order of confirmation which provides that the purchaser of said premises, lands, and tenements at said sale be immediately let into possession of said premises, and that the defendants and those claiming under them, since the commencement of said action, shall, upon presentation of a copy of said order or of the sheriff's deed, deliver possession of said premises to the purchaser and their refusal so to do would constitute contempt of court.

It is contended by the plaintiffs in error that a copy of said order, or the sheriff's deed, was required to be served upon the defendants before the writ of assistance could issue. We do not so understand the order. It appears, as we construe the order, that delivery of a copy of said order of confirmation, or the sheriff's deed, was not a condition to be complied with before issuing a writ of assistance, but was a condition to be met before said parties should be punished for contempt.

Under section 670. C. O. S. 1921, the court, in the order confirming a sale of land under an order of sale, may order the issuance of a writ of assistance to place the purchaser in full possession, and, independent of statute, a district court would have an inherent right to issue a writ of assistance to enforce its judgment.

Counsel for plaintiffs in error have called our attention to no statutory provision and we know of none which requires any notice before the issuance of such a writ. The purchaser at the sale was entitled to immediate possession upon the confirmation thereof, but it appears that he desired to assist Jones in finishing his crops and entered into a contract with him not to ask for a writ of assistance until January 1, 1926. We conclude, therefore, that when the purchaser applied for a writ of assistance, after that date, no notice was necessary.

It is next insisted that the parties, by reason of said contract, occupied the positions of landlord and tenant, and that Will Jones could not be ejected from said premises until after the service of proper notice on him. We see no merit in this contention by reason of the provision in the contract that it should not affect the rights of the parties as fixed in the foreclosure proceedings.

It is next urged that Sallie Jones was a tenant at will of said premises. and that she could not be ejected therefrom until after the service of notice, as required by section 7344, C. O. S. 1921. No contention is made that the foreclosure proceedings or the sale had therein are invalid. It is true she remained on the land after said sale, but the record does not disclose that she did so by any claim of title or right other than as a part of the family of Will Jones.

Said rent was never paid and the contract between M. P. Davis and Will Jones. therefore, expired at the latest on January 1, 1926. The evidence also discloses that Davis demanded possession of the premises in December, 1925. Under section 7341, C. O. S. 1921, any person in the possession of real property, with the assent of the owner, is presumed to be a tenant at will. unless the contrary is shown. There is no evidence in this record to indicate that Sallie Jones was in possession of this land after the 1st of January with the assent of the owner. In fact, the evidence is to the contrary.

We must conclude that she was not a tenant at will after January 1. 1926. and the relation of landlord and tenant did not exist, and, therefore, under section 7348. C. O. S. 1921, no notice to quit was necessary.

The judgment of the trial court is affirmed.

BRANSON. C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK. RILEY, and HEFNER. JJ., concur.

Note.—See under (1) 27 Cyc. pp. 1740, 1741. (2) 35 C. J. p. 1122. §339; 16 R. C. L. p. 611. (3) 35 C. J. p. 1131, §362 (Anno).